IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APEX IMPACT MARKETING, INC. d/b/a FOCUSMX | : CIVIL ACTION |
| Plaintiff, | : |
| | : No. |
| v. | : |
| PUNCH INNOVATIONS, LLC and THOMAS CONTI, | : |
| Defendants. | : |

## COMPLAINT

Apex Impact Marketing, Inc. d/b/a FocusMX (hereinafter, "FocusMX" or "Plaintiff"), by and through its attorneys, Flaster Greenberg, P.C., for its complaint, avers as follows:

## PARTIES

1. Plaintiff is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 16192 Coastal Highway, Lewes, Delaware 19958.

2. Defendant Punch Innovations, LLC (hereinafter, "Punch") is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 203 West Chestnut Street, 3rd Floor West, Chester, Pennsylvania 19380.

3. Defendant Thomas Conti (hereinafter, "Conti") is an adult individual who resides at 2528 Condor Drive, Audubon, Pennsylvania 19403.

6226837 v1

## JURISDICTION

4. The Court has diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims in this matter occurred in this District and Defendants reside and conduct business in this District.

## BACKGROUND

6. Beginning in 2016, Punch engaged FocusMX to provide technology infrastructure, Sitecore development and technical support to Punch's clients, including Virtua Health, Inc.

7. FocusMX provided such services in accordance with the terms and conditions of the agreements between the parties.

8. As of the date hereof, FocusMX is due from Punch, for services rendered, an unpaid balance of $89,753.00.

9. In accordance with the agreement between the parties, interest has accrued on the unpaid balance at the rate of 1.5% per month.

10. FocusMX has repeatedly demanded payment from Punch. Despite such demands, Punch has failed and/or refused to make payment on account of such outstanding obligations.

## COUNT I
## BREACH OF CONTRACT - PUNCH

11.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if set forth fully herein.

12.     Punch breached its agreement with Plaintiff as set forth above.

13.     As a direct and proximate result of said breach, Plaintiff has suffered, and continues to suffer damages in the amount of $89,753.00, plus interest thereon.

14.     By reason of the foregoing, Plaintiff has suffered damages in the amount of amount of $89,753.00, together with interest and all other sums recoverable under applicable law, including reasonable attorneys' fees, costs and expenses, and such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Punch, on Count I of the Complaint, in the amount of $89,753.00, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses incurred by bringing this action, and such other relief as this Court deems just and proper.

## COUNT II
## OPEN ACCOUNT – PUNCH

15.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if set forth fully herein.

16.     Upon application of all payments and credits, Punch is currently indebted to Plaintiff for past due accounts receivable in the aggregate amount of $89,753.00, plus interest thereon, as of the date hereof.

17. Punch has failed to pay plaintiff the indebtedness despite repeated demands for payment.

18. As a result, Plaintiff demands payment in the amount of $89,753.00, together with interest and all other sums recoverable under applicable law, including reasonable attorneys' fees, costs and expenses, and such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Punch, on Count II of the Complaint, in the amount of $89,753.00, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses incurred by bringing this action, and such other relief as this Court deems just and proper.

COUNT III
UNJUST ENRICHMENT – PUNCH

19. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if set forth fully herein.

20. Punch obtained the benefit of the services provided by the Plaintiff.

21. Punch has been enriched at the expense of the Plaintiff.

22. It would be unjust to enrich Punch at Plaintiff's expense without compensating Plaintiff.

23. As a result, Punch has been unjustly enriched, at the expense of Plaintiff, in the amount of $89,753.00, together with interest and all other sums recoverable under applicable law, including reasonable attorneys' fees, costs and expenses, and such other and further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff demands judgment against Punch, on Count III of the Complaint, in the amount of $89,753.00, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses incurred by bringing this action, and such other relief as this Court deems just and proper.

COUNT IV
BREACH OF CONTRACT - CONTI

24. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as if set forth fully herein.

25. Conti is, upon information and belief, the sole shareholder and officer of Punch.

26. Punch was undercapitalized and failed to adhere to corporate formalities.

27. Moreover, Conti substantially intermingled his personal affairs with the business of Punch.

28. As a result, Punch's corporate veil should be pierced to permit Plaintiff to recover its damages against Conti.

**WHEREFORE**, Plaintiff demands judgment against Conti, on Count IV of the Complaint, in the amount of $89,753.00, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses incurred by bringing this action, and such other relief as this Court deems just and proper.

Date: May 16, 2017	FLASTER/GREENBERG P.C.

By: _____
Harry J. Giacometti
1835 Market Street, Suite 1050
Philadelphia, PA 19103
Tel: (215) 587-5680
Fax: (215) 279-9394
Harry.giacometti@flastergreenberg.com
Attorneys for Plaintiff

6